RULEY, JUDGE:
The claimant was convicted on February 8, 1972, for a violation of the Controlled Substances Act. On August 15, 1972, he began serving a sentence of one to five years at the West Virginia State Penitentiary at Moundsville, West Virginia. The claimant was discharged from prison on September 3, 1974, upon an order of the Criminal Court of Marion County, West Virginia, which voided claimant’s conviction after the Supreme Court of West Virginia declared the statute under which the claimant was convicted unconstitutional. Claimant alleges that he was illegally incarcerated and seeks $16,767.59 as compensation for wages he could have earned- during the period of his incarceration. At the time of his conviction the claimant was employed as a truck driver. The respondent has filed a motion to dismiss, or, in the alternative, motion for summary judgment, for failure to state a claim upon which relief can be granted. West Virginia Code §62-13-5 provides for the reception of convicted felons by the Commissioner of Public Institutions, now Dept, of Corrections. The section provides in part:
*498 “All persons committed by courts of criminal and juvenile jurisdiction for custody in penal, correction or training institutions under the jurisdiction of the Commissioner of public institutions, shall be committed to an appropriate institution, but the director shall have the authority to and may order the transfer of any person committed to the division to any appropriate institution within the division.”
Claimant was committed to the penitentiary under a law which, at the time of his conviction, was in full force and effect. Respondent was under a statutory duty to receive claimant into the penitentiary, and complied with that duty. It is not within the purview of respondent’s duties to determine the constitutionality of statutes and it does not appear that the respondent failed to act in good faith. See Steinpreis vs. Shook, 377 F.2d 282 (4th Cir. 1967). Claimant’s conviction was not voided until August 29, 1974, and he was then released pursuant to that order. The Court is of the opinion that respondent fully and properly performed the duty required of it under the law and finds no basis upon which to hold respondent liable for the damages sought. The Court, therefore, grants respondent’s motion to dismiss.
Claim dismissed.